1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8

9   SANTOS A. VILLEGAS,                    CASE NO. 1:09-cv-00493-GSA-YNP(PC)

10              Plaintiff,                  ORDER REQUIRING PLAINTIFF EITHER TO
                                           FILE AN AMENDED COMPLAINT OR TO
11         v.                              NOTIFY COURT OF WILLINGNESS TO
                                           PROCEED ONLY ON CLAIMS FOUND TO
12   L. L. SCHULTEIS, et al.,              BE COGNIZABLE

13              Defendants.                (Doc. 1)

14                                         RESPONSE DUE WITHIN 30 DAYS
                                  /
15

16         Plaintiff Santos A. Villegas ("Plaintiff") is a state prisoner proceeding pro se and in forma

17   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff is in the custody of the

18   California Department of Corrections and Rehabilitation and was incarcerated at the California

19   Correctional Institution in Tehachapi, California ("CCI-Tehachapi") at the time the events in his

20   complaint took place.  Plaintiff is suing under section 1983 for the violation of his rights under the

21   Eighth and Fourteenth Amendments to the U.S. Constitution.  Plaintiff names L. L. Schulteis (chief

22   deputy warden), S. Hopkins (correctional officer), M. Soto (correctional officer), G. Zucker

23   (correctional officer), F. Rodriguez (correctional officer), F. Martinez (correctional officer), A.

24   Stolworthy (correctional officer), D. Walker (correctional officer), N. Minlschmidt (registered

25   nurse), and Knight[1] (correctional officer) as defendants.  For the reasons set forth below, Plaintiff

26

27         [1]Correctional Officer Knight is not named as a defendant in either the caption to Plaintiff's complaint,
     (Compl. pg. 1.) or in Plaintiff's list of defendants (Compl. pg. 3-5).  However, Knight is referred to as a defendant
28   elsewhere in Plaintiff's complaint.  (See, e.g., Compl. pg. 12.)

will be given the opportunity to file an amended complaint, or to notify the Court of his willingness to proceed only on the claims found to be cognizable in this order.

## I.    Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.   Background

On April 26, 2008, Plaintiff was in his cell and given his dinner tray by Defendant Zucker. (Compl. ¶¶ 1-2.)  Plaintiff told Defendant Zucker that he was missing his tortillas, to which Defendant Zucker replied, "That's a fucken (sic) Mexican for you." (Compl. ¶ 2.)  Plaintiff again asked Defendant Zucker if he was going to get him his tortillas and Defendant Zucker replied, "Didn't I fucken (sic) say I was gonna get them for you.  You stupid fucken (sic) Mexican." (Compl.

///

¶ 4.)  The verbal exchange continued and Defendant Zucker threw Plaintiff some tortillas through the tray slot.  (Compl. ¶ 6.)

When it came time to pick up the dinner trays, Defendant Rodriguez opened Plaintiff's tray slot and as Plaintiff set his tray on it Defendant Rodriguez jumped back and yelled, "He's trying to slice me, he's trying to slice me." (Compl. ¶ 7.)  Plaintiff ran to the back of his cell and grabbed his blanket in anticipation of being pepper sprayed.  (Compl. ¶ 8.)  Defendant Rodriguez sprayed Plaintiff through the tray slot and Defendant Zucker arrived and stated, "Wait till the door opens, you wanna slice my partner?" (Compl. ¶ 9.) Defendant Soto also arrived with Defendants Martinez and Knight.  (Compl. ¶ 10.)  Defendant Soto remarked, "You again?" referring to a prior incident. (Compl. ¶ 12.)  Defendant Soto asked Plaintiff if he was going to cuff up and Plaintiff agreed. (Compl. ¶ 13.)  Plaintiff cuffed up, got on his knees, and then was socked in the back of his head while Defendant Zucker yelled, "Stop resisting, stop resisting." (Compl. ¶ 14.) Plaintiff continued to be socked in the head and body and after Plaintiff was kneed in the back Defendant Soto ordered Plaintiff to be put in ankle chains.  (Compl. ¶ 15.)

Plaintiff was escorted out of his cell and Defendant Minlschidt arrived with a wheel chair. (Compl. ¶ 16.) Plaintiff was then slammed against the wall, slammed to the floor, kicked in the back and Plaintiff fell to the floor, injuring his nose and mouth.  (Compl. ¶ 17.)  Plaintiff was taken to the dining hall where his clothing was cut off and Plaintiff was ordered to get on his knees by Defendant Martinez.  (Compl. ¶ 18.)  Plaintiff's ankle chains and cuffs were removed and Plaintiff was pushed into a cage.  (Compl. ¶ 18.)  Defendant Martinez gave Plaintiff a towel to wipe up the blood so that the nurse would not know he was bleeding or if it was pepper spray.  (Compl. ¶¶ 18-19.)

Defendant Minlschmidt arrived and Plaintiff was intimidated from reporting anything because Defendant Martinez was standing behind her. (Compl. ¶ 21.) After Defendant Minlschmidt asked Plaintiff what happened Plaintiff told her that he was beaten by the correctional officers. (Compl. ¶ 21.) Defendant Minlschmidt did not write down Plaintiff's story in her notes.  (Compl. ¶ 21.)  After Defendant Minlschmidt left, Defendant Martinez said "you fucked up" and left. (Compl. ¶ 22.)

///

After 20-25 minutes, Defendant Zucker arrived and stated, "Oh, you wanna play like that?". (Compl. ¶ 23.)  Defendant Zucker held up two papers and said:

> I have two reports, one saying we didn't find a weapon, and this one says we found a weapon.  Now when they come to video tape you, you better say you don't want to participate and you have nothing to say, or else you're going down for life 'cause we got a weapon.

(Compl. ¶ 23.) Defendant Hopkins later arrived with the camera and asks Plaintiff, "You know what to say right?" (Compl. ¶ 26.)  Plaintiff repeated what Defendant Zucker told Plaintiff to say.

Plaintiff was escorted back to his cell by Defendant Knight after the interview.  (Compl. ¶ 31.)  Plaintiff suspected that some of his property was missing and asked Defendant Knight where his property was.  (Compl. ¶ 31-32.)  Plaintiff was told that he was lucky that he was getting anything. (Compl. ¶ 32.)  Defendants Zucker, Rodriguez, Martinez, Soto, Stolworthy, Walker, and Knight submitted a false complaint to the district attorney's office accusing Plaintiff of attempted battery on a peace officer.  (Compl. ¶ 33-34.)

Plaintiff alleges that Defendant Minlschmidt generated an incomplete medical form and "chose to aid and abet the conspiracy when she chose not to treat my injuries properly and not my fill in my injuries/statement." (Compl. ¶ 35.)  Plaintiff wrote a letter to internal affairs seeking an investigation and a transfer because of the harassment. (Compl. ¶ 37.)  Defendant Schulteis wrote a response telling Plaintiff that he needed to wait. (Compl. ¶ 37.)

Plaintiff alleges that he has not received proper medical treatment. (Compl. ¶ 39.)  Plaintiff was scheduled to see an eye specialist and also scheduled to have x-rays of his back taken. (Compl. ¶ 39.)  Plaintiff has not received either in 10 months and has lost partial vision and hearing in his left side and suffers from severe pain in his back. (Compl. ¶ 39.)  Plaintiff has also developed migraines. (Compl. ¶ 39.)  Plaintiff submitted a sick call slip but was patronized by a registered nurse and told that he could hear fine, was walking normally, and it did not look as though his back was in pain. (Compl. ¶ 40.)

///

///

///

4

III.    **Discussion**

A.    **Eighth Amendment Claims**

Plaintiff claims that Defendants violated his rights under the Eighth Amendment. The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious", Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991), and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind", Id. (quoting Wilson, 501 U.S. at 298). The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities". Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303). A prison official acts with deliberate indifference when he/she "knows of and disregards an excessive risk to inmate health or safety". Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

1.    **Excessive Force**

Plaintiff alleges that Defendants used excessive force on Plaintiff in violation of the Eighth Amendment. Where prison officials are accused of using excessive physical force, the issue is "'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" Hudson v. McMillian, 503 U.S. 1, 6 (1992) (quoting Whitley v. Albers, 475 U.S. 312, 320-321 (1986)). Factors relevant to the analysis are the need for the application of force, the relationship between the need and the amount of force that was used and the extent of the injury inflicted. Whitley, 475 U.S. at 321. Other factors to be considered are the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible

1   officials on the basis of the facts known to them, and any efforts made to temper the severity of a

2   forceful response.  Id.  The infliction of pain in the course of a prison security measure "does not

3   amount to cruel and unusual punishment simply because it may appear in retrospect that the degree

4   of force authorized or applied was unreasonable, and hence unnecessary." Id. at 319.  Prison

5   administrators "should be accorded wide-ranging deference in the adoption and execution of policies

6   and practices that in their judgment are needed to preserve internal order and discipline and to

7   maintain institutional security." Id. at 321-322 (quoting Bell v. Wolfish, 441 U.S. 520, 547 (1970)).

8          Plaintiff alleges that Defendants Zucker, Rodriguez, Martinez, Soto, and Knight used

9   excessive force against him in violation of the Eighth Amendment.  Defendants Zucker, Rodriguez,

10  Martinez, Soto, and Knight pepper sprayed Plaintiff and attacked him in his cell after Plaintiff

11  complained about not receiving tortillas with his dinner.  Plaintiff states a cognizable claim against

12  Defendants Zucker, Rodriguez, Martinez, Soto, and Knight  for using excessive force in violation

13  of the Eighth Amendment.

14         Plaintiff alleges that Defendants Stolworthy and Walker were present during the attack and

15  failed to intervene.  There are no allegations that Defendants Stolworthy and Walker directly

16  participated in the attack.  However, Plaintiff alleges that Defendant Stolworthy was at the bottom

17  of the stairs, and Defendant Walker was in the control tower.  (Compl. ¶ 11.)  While prison officials

18  have a duty to intercede when fellow prison officials violate an inmate's constitutional rights,

19  liability will only exist under section 1983 if the official had an opportunity to intercede.

20  Cunningham v. Gates, 229 F.3d 1271, 1289-90 (9th Cir. 2000); Robins v. Meecham, 60 F.3d 1436,

21  1442 (9th Cir. 1995).  It is not clear whether Defendants Stolworthy and Walker had the opportunity

22  to intercede from their respective locations.  Plaintiff does not specifically allege that they had an

23  opportunity to intercede.  Plaintiff fails to state a cognizable claim against Defendants Stolworthy

24  and Walker for violating the Eighth Amendment.

25         Plaintiff alleges that Defendants Schulteis and Carrasco violated the Eighth Amendment

26  because they failed to protect Plaintiff after he informed them that he was being retaliated and

27  harassed by the correctional officer defendants.  Plaintiff informed both Schulteis and Carrasco

28  through letters pre-dating the use of excessive force incident that he was being harassed by the

1  correctional officer defendants.  Plaintiff states a cognizable claim against Defendants Schulteis and

2  Carrasco for being aware of a threat of harm against Plaintiff and failing to protect Plaintiff.

3      Plaintiff alleges that Defendant Minlschmidt violated the Eighth Amendment by writing an

4  incomplete report that did not fully document Plaintiff's injuries and did not report that Plaintiff was

5  beaten by correctional officers.  Defendant Minlschmidt's actions after the use of excessive force

6  incident occurred did not cause or contribute to the alleged Eighth Amendment violation that had

7  already occurred.  Defendant Minlschmidt is not liable under the Eighth Amendment for failing to

8  document all of the facts in her report.  Plaintiff fails to state a cognizable claim against Defendant

9  Minlschmidt for failing to fully document Plaintiff's injuries and reporting the correctional officers'

10  participation in the incident.

11              **2.    Medical Treatment**

12      Plaintiff claims that he received constitutionally deficient medical treatment for the injuries

13  he suffered from the use of excessive force incident.  "[D]eliberate indifference to a prisoner's

14  serious illness or injury states a cause of action under § 1983." Estelle v. Gamble, 429 U.S. 97, 105

15  (1976).  "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in

16  further significant injury or the 'unnecessary and wanton infliction of pain." McGuckin v. Smith,

17  974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller,

18  104 F.3d 1133 (9th Cir. 1997) (quoting Estelle, 429 U.S. at 104).  Delay of medical treatment can

19  amount to deliberate indifference.  See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Clement

20  v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002);

21  Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc); Jackson v. McIntosh, 90 F.3d 330,

22  332 (9th Cir. 1996); McGuckin, 974 F.2d at 1059; Hutchinson v. United States, 838 F.2d 390, 394

23  (9th Cir. 1988).

24      Plaintiff alleges that Defendant Minlschmidt did not treat his injuries properly after the use

25  of excessive force incident.  However, Plaintiff does not elaborate on how the medical treatment was

26  deficient, how it could have resulted in further significant injury or the unnecessary and wanton

27  infliction of pain, or whether Defendant Minlschmidt was aware of a risk of substantial harm and

28  ///

7

provided deficient medical treatment in the face of that risk.  Plaintiff fails to state a cognizable claim against Defendant Minlschmidt for deliberate indifference to a serious medical need.

Plaintiff also makes other generalized allegations about deficient medical treatment.  Plaintiff alleges that he should have seen an eye specialist and should have had x-rays taken of his back.  As a result, Plaintiff has lost partial vision and hearing on his left side and suffers from severe pain in his back.  However, Plaintiff has not identified how these problems were caused by any of the named defendants.  Plaintiff has not identified which individuals caused Plaintiff's injuries to worsen through their deliberate indifference.  As such, Plaintiff fails to state a claim against any Defendants for deliberate indifference to his serious medical needs.

### B.    Fourteenth Amendment Claims

#### 1.    Due Process

Plaintiff claims that Defendants violated his rights under the Due Process Clause of the Fourteenth Amendment.  The Due Process Clause protects prisoners from being deprived of liberty without due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought.  Liberty interests may arise from the Due Process Clause itself or from state law.  Hewitt v. Helms, 459 U.S. 460, 466-68 (1983).  Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484 (1995).

Plaintiff alleges that Defendants fabricated reports regarding the use of force incident.  Plaintiff alleges that Defendants covered-up the incident by lying about Plaintiff's conduct and cites a number of factual inconsistencies in the reports.  Plaintiff also alleges that the false reports were sent to the district attorney's office.  However, Plaintiff has not identified any harm he suffered or any protected liberty interest infringed upon as a result of Defendants' actions.  Therefore, Plaintiff fails to state a cognizable claim under the Due Process Clause of the Fourteenth Amendment.

Plaintiff also states that upon his return to his cell after the use of excessive force incident, Plaintiff suspected that some of his property was missing.  Plaintiff does not provide any further

details regarding his property, such as whether any property was actually missing.  To the extent that Plaintiff is attempting to pursue a claim for his missing property, Plaintiff fails to state a cognizable claim.  Plaintiff is further advised that while the Due Process Clause protects prisoners from being deprived of property without due process of law, <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, <u>Hansen v. May</u>, 502 F.2d 728, 730 (9th Cir.1974), whether a deprivation of property rises to the level of a constitutional violation depends on whether the deprivation was negligent or unauthorized.  A negligent deprivation of property does not violate the Due Process Clause when adequate post-deprivation remedies are available because pre-deprivation process is impracticable since the state cannot know when such deprivations will occur.  <u>Hudson v. Palmer</u>, 468 U.S. 517, 533 (1984).  Similarly, an intentional, but unauthorized, deprivation of property does not violate the Due Process Clause when adequate post-deprivation remedies are available.  <u>Id</u>.  California Law provides an adequate post-deprivation remedy for any unauthorized property deprivations.  <u>Barnett v. Centoni</u>, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).  Therefore, Plaintiff has no claim under section 1983 for a violation of the constitution where defendants intentionally deprive Plaintiff of his property.

**2.   <u>Equal Protection</u>**

Plaintiff claims that Defendants violated his rights under the Equal Protection Clause of the Fourteenth Amendment.  The Equal Protection Clause requires that persons who are similarly situated be treated alike. <u>City of Cleburne v. Cleburne Living Center, Inc.</u>, 473 U.S. 432, 439 (1985). A plaintiff may establish an equal protection claim by showing that the plaintiff was intentionally discriminated against on the basis of the plaintiff's membership in a protected class. <u>See, e.g.</u>, <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 686 (9th Cir.2001). Under this theory of equal protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's membership in a suspect class, such as race. <u>Thornton v. City of St. Helens</u>, 425 F.3d 1158, 1167 (9th Cir.2005).

The Equal Protection Clause requires that persons who are similarly situated be treated alike. <u>City of Cleburne v. Cleburne Living Center, Inc.</u>, 473 U.S. 432, 439 (1985). A plaintiff can establish an equal protection claim by showing that the defendant has intentionally discriminated on the basis

9

of the plaintiff's membership in a protected class. <u>See, e.g.</u>, <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 686 (9th Cir.2001). Under this theory of equal protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's membership in a suspect class. <u>Thornton v. City of St. Helens</u>, 425 F.3d 1158, 1167 (9th Cir.2005). "Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974).

Plaintiff alleges that some racially-charged language was used during the use of excessive force incident. However, mere verbal harassment or abuse, including the use of racial epithets, does not violate the Constitution and, thus, does not give rise to a claim for relief under 42 U.S.C. § 1983. <u>Oltarzewski v. Ruggiero</u>, 830 F.2d 136, 139 (9th Cir. 1987). Plaintiff has not otherwise alleged that he was discriminated against, or treated differently on account of his race. Therefore, Plaintiff fails to state a cognizable claim under the Equal Protection Clause of the Fourteenth Amendment.

**IV.   <u>Conclusion and Order</u>**

Plaintiff's complaint states cognizable claims against Defendants Zucker, Rodriguez, Martinez, Soto, Knight, Schulteis and Carrasco for the violation of Plaintiff's rights under the Eighth Amendment. Plaintiff's complaint fails to state claims against any other defendants. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claims identified in this order as cognizable, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal of the other claims and defendants, and will forward Plaintiff seven (7) summonses and seven (7) USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's

constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

Although Plaintiff's factual allegations will be accepted as true and that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, No. 07-1015, 2009 U.S. LEXIS 3472, 2009 WL 1361536, *28 (U.S. May 18, 2009). (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at *29 (citing Twombly, 550 U.S. at 556).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.      Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

        a.      File an amended complaint curing the deficiencies identified by the Court in this order, or

11

b.      Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants Zucker, Rodriguez, Martinez, Soto, Knight, Schulteis and Carrasco for violation of Plaintiff's rights under the Eighth Amendment; and

3.      If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:**     **July 28, 2009**                        **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE