# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTOS A. VILLEGAS, | CASE NO. 1:09-cv-00493-YNP PC |
| Plaintiff, | ORDER DENYING MOTION |
| v. | (Doc. 10) |
| L. L. SCHULTEIS, et al., | |
| Defendants. | |

Plaintiff Santos A. Villegas ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on February 25, 2009. (Doc. #1.) Plaintiff has consented to jurisdiction by U.S. Magistrate Judge. (Doc. #9.)

Before the Court is Plaintiff's "Motion For Access To Law Library At Least 4 Days A Week" filed on May 6, 2009. (Doc. #10.) Plaintiff requests a court order compelling prison officials to grant Plaintiff P.L.U.[1] status and give Plaintiff greater access to the resources in the prison law library.

Plaintiff seeks preliminary injunctive relief. The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction

---

[1] Preferred Legal User

is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F.2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success on the merits, or questions serious enough to require litigation." Id.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A party seeking a preliminary injunction simply cannot prevail when that motion is unsupported by evidence. Where a party is seeking "mandatory preliminary relief" – an injunction requiring affirmative conduct by another party – the injunction should not be issued unless the facts and law clearly favor the moving party. Dahl v. HEM Pharmaceuticals Corp., 7 F.3d 1399, 1403 (9th Cir. 1993) (citing Anderson v. United States, 612 F.2d 1112, 1114 (9th Cir. 1980)).

Plaintiff fails to provide any compelling evidence in his brief one page motion that justifies the relief he seeks. Plaintiff only provides abstract complaints that he is not getting "enough" law library access. Plaintiff does not identify with any degree of specificity what his need for law library access is – such as what he is researching or what he is working on. Nor does Plaintiff identify what irreparable injury he is likely to suffer if the Court does not grant his motion for preliminary injunctive relief. Nor does Plaintiff provide any evidence demonstrating his fair chance of success on the merits of his lawsuit. Finally, Plaintiff has not provided any allegations or evidence suggesting that serious questions are raised and the balance of hardships tips in Plaintiff's favor.

The Court notes that prisoners do not have a right of access to the law library. Lewis v. Casey, 518 U.S. 343, 350 (1996). Prisoners have a right of access to the courts and a law library is "merely 'one constitutionally acceptable method to assure meaningful access to the courts'". Lewis, 518 U.S. at 351 (quoting Bounds, 430 U.S. at 830)). "[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in

some theoretical sense." Id.  Plaintiff's complaint that he was deprived of access to the law library is not in itself sufficient to demonstrate a significant threat of irreparable injury.

The Court finds that Plaintiff has failed to demonstrate a significant threat of irreparable injury, a likelihood of success on the merits, or that the balance of hardships tips in his favor.  Based on the foregoing, it is HEREBY ORDERED that Plaintiff's "Motion For Access To Law Library At Least 4 Days A Week" filed May 6, 2009 is DENIED.

IT IS SO ORDERED.

Dated:   **September 28, 2009**                   **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE