# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTOS A. VILLEGAS,<br><br>    Plaintiff,<br><br>    v.<br><br>L.L. SCHULTEIS, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:09-cv-00493-AWI-SKO PC<br><br>ORDER DENYING MOTIONS<br><br>(Docs. 24, 31, 39, 41, 45, 49, 52)<br><br>and<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED<br><br>(Docs. 31, 33, 46)<br><br>OBJECTIONS DUE WITHIN 30 DAYS |

Plaintiff Santos A. Villegas ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court are several motions from Plaintiff. On January 15, 2010, Plaintiff filed a motion requesting the Court to mail back exhibits that Plaintiff sent to the Court. (Doc. #24.) On April 1, 2010, Plaintiff filed a motion requesting a copy of the local rules and requesting a preliminary injunction or temporary restraining order. (Doc. #31.) Plaintiff filed a second request for a preliminary injunction or temporary restraining order on April 9, 2010. (Doc. #33.) Plaintiff filed a motion requesting an entry of default on April 26, 2010. (Doc. #39.) Plaintiff filed a third motion requesting a preliminary injunction or temporary restraining order on June 18, 2010. (Doc. #46.)

Plaintiff filed a motion for an extension of time to respond to Defendants' answer on May 3, 2010. (Doc. #41.) On May 28, 2010, Plaintiff filed a motion to object or oppose Defendants'

answer. (Doc. #45.) On July 19, 2010, Plaintiff filed a motion requesting an evidentiary hearing. (Doc. #49.) On July 30, 2010, Plaintiff filed a motion requesting the Court to set a trial date in this action. (Doc. #52.)

**I.      Discussion**

      **A.      Plaintiff's Motion Requesting Return of His Exhibits**

Plaintiff's January 15, 2010 motion requests that the Court return all the exhibits attached to his complaint. The Court will deny Plaintiff's request. As stated in Local Rule 138(a)(2), "[a]ll . . . paper files and records of the Court shall remain in the custody of the Clerk. No file and no record, paper, or item belonging to the files of the Court shall be taken from the custody of the Clerk without a special order of the Court and a receipt given by the party obtaining it, describing it and the date of its receipt." As articulated in the First Informational Order, "If the filing party wishes the court to return a file-stamped copy [of documents submitted for filing], he or she must include one copy for that purpose AND a pre-addressed postage paid envelope. <u>The court cannot provide copies or mailing service for a party,</u> even for an indigent plaintiff proceeding in forma pauperis." (First Informational Order in Prisoner Civil Rights Case ¶ 3, ECF No. 6.) Plaintiff did not provide an extra copy of his exhibits or a pre-addressed postage paid envelope to facilitate the return of the exhibits. The Court cannot expend its resources to provide copies and mailing service for Plaintiff.

Additionally, the First Informational Order warned Plaintiff not to send original exhibits to the Court because paper documents sent to the Court will only be retained for a limited period of time before being discarded. (First Informational Order ¶ 7, ECF No. 6.) Plaintiff's motion will be denied.

Plaintiff's January 15, 2010 motion also requests the Court to provide an extra summons and USM-285 form to facilitate service on Defendants. It appears that this issue has already been resolved in a separate order on January 11, 2010. (Doc. #23.) Plaintiff's motion will, therefore, be denied as moot.

      **B.      Plaintiff's Motion Requesting a Copy of the Local Rules**

Plaintiff's April 1, 2010 motion requests the Court to send him a copy of the local rules. The Court does not provide litigants with copies of the local rules. Plaintiff's request will be denied.

Plaintiff also requests "the Court to provide the Eastern District approved forms for a person in pro per." (Request for Court: Local Court Rules and Procedure for Eastern District, Civil Motion Calendar, and Preliminary Injunction-Temporary Restraining Order 2, ECF No. 31.) It is unclear to what "Eastern District approved forms" Plaintiff is referring. Plaintiff's motion will be denied.

Plaintiff's motion also requests "the Courts[sic] motion calendar, to be aware of all dates and expected dates. As well a[sic] copy of all dates for motions, filed regarding the case at bench; in the form of the courts[sic] docket file." (Request for Court 2, ECF No. 31.) The Court will not provide Plaintiff with status reports and notices regarding when deadlines are approaching. The Court will notify Plaintiff when any action is taken in this case. It is Plaintiff's burden to remain cognizant of all relevant deadlines and motions in his lawsuit. Plaintiff's request for a "motion calendar" and notice of all motions, dates, and filings relevant to this action will be denied.

**C.    Plaintiff's Motions for a Preliminary Injunction or Temporary Restraining Order**

Plaintiff has filed three requests for a preliminary injunction or a temporary restraining order. The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 374 (2008).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A party seeking a preliminary injunction simply cannot prevail when that motion is unsupported by evidence. With respect to motions for preliminary injunctive relief or a temporary restraining order, the Prison Litigation Reform Act ("PLRA") provides that:

///

> [i]n any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.

18 U.S.C. § 3626(a)(2).

Here, Plaintiff has failed to make a clear showing that he is entitled to preliminary injunctive relief and does not qualify for the extraordinary remedy of a preliminary injunction or a temporary restraining order.

Moreover, although Plaintiff's April 1, 2010 motion requests a preliminary injunction or a temporary restraining order, the relief requested is not injunctive in nature. Plaintiff requests documents from the Court. Requests for preliminary injunctive relief are orders that enjoin adverse parties from taking some specified action, not requests that the Court forward Plaintiff certain documents.

Plaintiff's April 9, 2010 motion for an injunction describes past harassment from prison officials. Plaintiff complains that prison officials called him names, placed him in a management cell for two days, and conducted harassing searches. Plaintiff's June 18, 2010 motion describes an incident where Plaintiff was kicked out of the law library. The purpose of a preliminary injunction is to prevent future irreparable harm, not to remedy past harm. Plaintiff has failed to identify any specific threat of future irreparable harm. Plaintiff must identify a risk of future harm that is more specific than a general fear of future harassment based on alleged past incidents of harassment. Plaintiff is advised that the proper vehicle for obtaining relief for past incidents of harassment is a separate lawsuit, not a motion for a preliminary injunction or temporary restraining order.

Further, Plaintiff fails to persuasively demonstrate that he is entitled to the preliminary injunctive relief that he seeks because he is likely to succeed on the merits of this lawsuit. Additionally, the relief Plaintiff requests is a transfer from the California Correctional Institution in Tehachapi, California. Plaintiff fails to persuasively demonstrate that the relief requested is narrowly drawn, extends no further than necessary to correct the harm that requires preliminary relief, and is

///

the least restrictive means necessary to correct the harm. The Court will recommend that Plaintiff's motions for preliminary injunctive relief be denied.

### D. **Plaintiff's Motion for Entry of Default**

On April 26, 2010, Plaintiff filed a motion requesting entry of default against all Defendants. Plaintiff fails to set forth any facts warranting entry of default. Under Federal Rule of Civil Procedure 55, default should be entered against a party who "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Defendants filed a responsive pleading on April 22, 2010. Defendants' responsive pleading was not untimely, as Defendants received an extension of time to file a responsive pleading on March 22, 2010. (Doc. #30.)

Moreover, Plaintiff's motion for entry of default describes an incident where Plaintiff was kicked out of the law library. Such facts are irrelevant for the purpose of determining whether entry of default is appropriate. Plaintiff's motion will be denied.

### E. **Plaintiff's Motion Requesting an Extension of Time and Motion to Object or Oppose Defendants' Answer**

On May 3, 2010, Plaintiff filed a motion for an extension of time to file a response to Defendants' answer to Plaintiff's complaint. On May 28, 2010, Plaintiff filed a "Motion to Oppose/Object to Defendant(s)[sic] Answer, and Agreement for Demand of Jury Trial. As Well Request This be Submitted as a 'Supplemental Complaint.' Governed by Rule 15(c)(d)."

Plaintiff appears to be unclear regarding these legal proceedings. An opposition or objection to a party's answer to a complaint is not a recognized pleading under the Federal Rules of Civil Procedure. In other words, it is not necessary to file an opposition or objection to Defendants' answer. An answer to a complaint merely sets forth the defenses that Defendants intend to set forth during the course of litigation. See Federal Rule of Civil Procedure 12(b). Plaintiff does not have to oppose these defenses until they are formally raised in a motion to dismiss, motion for summary judgment, or at trial. Accordingly, Plaintiff's motion for an extension of time and motion to object or oppose Defendants' answer will be denied as moot.

///

///

### F. Plaintiff's Motion for an Evidentiary Hearing

On July 19, 2010, Plaintiff filed a motion requesting an evidentiary hearing. It is unclear for what purpose Plaintiff seeks the evidentiary hearing. Plaintiff vaguely argues that a hearing is necessary "to assess credibility[sic] of witnesses and resolve material facts in dispute." (Request for Evidentiary Hearing 1, ECF No. 49.)

An evidentiary hearing is not appropriate at this time. Plaintiff is advised that pursuant to the Local Rules, motions are resolved "upon the record without oral argument unless otherwise ordered by the Court." Local Rule 230(l). Plaintiff has failed to identify any issue that requires an evidentiary hearing. Plaintiff's request for an evidentiary hearing will be denied.

### G. Plaintiff's Motion to Set a Trial Date

Plaintiff's July 30, 2010 motion requests a trial date because Defendants failed to oppose Plaintiff's motion opposing Defendants' answer. As previously discussed, Plaintiff's motion to oppose or object to Defendants' answer is not a proper pleading or motion. The Court also notes that the deadlines for conducting discovery and filing pre-trial dispositive motions have not yet passed. The Court finds that it is not yet necessary or appropriate to set a trial date for this matter. Plaintiff's motion to set a trial date will be denied.

## II. Conclusion

Based on the foregoing reasons, the Court HEREBY ORDERS that:

1. Plaintiff's January 15, 2010 motion requesting the return of his exhibits be DENIED;
2. Plaintiff's April 1, 2010 motion requesting a copy of the local rules, a copy of the "Eastern District approved forms for a person in pro per," and a copy of the Court's motion calendar be DENIED;
3. Plaintiff's April 26, 2010 motion for entry of default be DENIED;
4. Plaintiff's May 3, 2010 motion for an extension of time to respond to Defendants' answer and May 28, 2010 motion to oppose/object to Defendants' answer be DENIED;
5. Plaintiff's July 19, 2010 motion for an evidentiary hearing be DENIED; and
6. Plaintiff's July 30, 2010 motion requesting the Court to set a trial date be DENIED.

Further, the Court finds that Plaintiff is not entitled to preliminary injunctive relief or a temporary restraining order and HEREBY RECOMMENDS that Plaintiff's motions requesting preliminary injunctive relief or a temporary restraining order, filed on April 1, 2010, April 9, 2010, and June 18, 2010 be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty (30) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten (10) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   August 24, 2010**             /s/ Sheila K. Oberto
                                       UNITED STATES MAGISTRATE JUDGE