# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTOS A. VILLEGAS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>L.L. SCHULTEIS, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:09-cv-00493-AWI-SKO PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENIAL OF MOTIONS<br><br>(Docs. 53, 66)<br><br>OBJECTIONS DUE WITHIN 30 DAYS |

Plaintiff Santos A. Villegas ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On August 20, 2010, Plaintiff filed a motion requesting a preliminary injunction. (Doc. #53.) On November 18, 2010, Plaintiff filed a second motion requesting a preliminary injunction. (Doc. #66.)

Plaintiff's August 20, 2010 motion requests a preliminary injunction to prohibit officers at the California Correctional Institution from harassing Plaintiff. Plaintiff claims that officers are "writing him up" and "taking extreme measures" against Plaintiff. Plaintiff claims that he is being harassed in retaliation for this litigation. Plaintiff's November 18, 2010 motion describes similar fears of harassment from correctional officers.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief,

1  that the balance of equities tips in his favor, and that an injunction is in the public interest." <u>Winter</u>
2  <u>v. Natural Resources Defense Council, Inc.</u>, 129 S. Ct. 365, 374 (2008).

3  "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be
4  granted unless the movant, <u>by a clear showing</u>, carries the burden of persuasion." <u>Mazurek v.</u>
5  <u>Armstrong</u>, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original).  A
6  party seeking a preliminary injunction simply cannot prevail when that motion is unsupported by
7  evidence.  With respect to motions for preliminary injunctive relief or a temporary restraining order,
8  the Prison Litigation Reform Act ("PLRA") provides that:

> [i]n any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.

13  18 U.S.C. § 3626(a)(2).

14  Plaintiff's motion only describes past incidents of harassment.  Plaintiff does not identify any
15  specific, concrete threat of future irreparable harm.  Plaintiff cannot obtain a preliminary injunction
16  based on a conjectural or hypothetical threat of future harm.  <u>See</u> <u>Summers v. Earth Island Institute</u>,
17  129 S. Ct. 1142, 1149 (2009) ("To seek injunctive relief, a plaintiff must show that he is under threat
18  of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and
19  imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the
20  defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury").
21  Plaintiff has failed to identify any concrete and particularized threat of injury that is actual and
22  imminent, and his fears of hypothetical future harassment cannot be addressed by a preliminary
23  injunction.

24  Accordingly, the Court HEREBY RECOMMENDS that Plaintiff's motions requesting
25  preliminary injunctions be DENIED.

26  These Findings and Recommendations are submitted to the United States District Judge
27  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty (30)
28  days after being served with these Findings and Recommendations, any party may file written

1 objections with the Court and serve a copy on all parties.  Such a document should be captioned
2 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
3 shall be served and filed within ten (10) days after service of the objections.  The parties are advised
4 that failure to file objections within the specified time may waive the right to appeal the District
5 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

7 IT IS SO ORDERED.

8 **Dated:     February 4, 2011**                    /s/ Sheila K. Oberto
                                                     UNITED STATES MAGISTRATE JUDGE