# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTOS A. VILLEGAS, | CASE NO. 1:09-cv-00493-AWI-SKO PC |
| Plaintiff, | ORDER DENYING MOTIONS |
| v. | (Docs. 59, 60) |
| L.L. SCHULTEIS, et al., | |
| Defendants. | |

Plaintiff Santos A. Villegas ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On October 8, 2010, Plaintiff filed a motion "for an order of suppressed evidence." (Doc. #59.) On October 8, 2010, Plaintiff filed a motion to compel. (Doc. #60.)

**I.  Discussion**

    **A.  Motion "For an Order of Suppressed Evidence"**

Plaintiff's October 8, 2010 motion requests "this court go grant an order of suppressed evidence." (Mot. for an Order of Suppressed Evidence 1, ECF No. 59.) It is unclear what "an order of suppressed evidence" is or what relief Plaintiff is seeking. Plaintiff claims that certain psychiatric personnel at the prison witnessed the assault that is at issue in this lawsuit. Plaintiff claims that affidavits from these witnesses are essential to this lawsuit.

Plaintiff is advised that neither he nor the Court can involuntarily force a witness to provide Plaintiff with an affidavit. If Plaintiff wishes to elicit a witness's testimony, Plaintiff may depose the witness or request that a summons be issued for the witness's appearance at trial.

**B.     Motion to Compel**

Plaintiff's October 8, 2010 motion to compel states that Plaintiff propounded several requests for production of documents to which Defendants objected on the grounds that the requests were overbroad, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's motion also suggests that Defendants objected on the grounds that production would be unduly burdensome or expensive.

Plaintiff's three-page motion fails to reproduce the document requests he propounded on Defendants and fails to reproduce Defendants' complete responses to each request. Plaintiff claims that the documents he requested are relevant, but fails to set forth specific arguments regarding the propriety of Defendants' responses. The Court cannot rule on the discovery dispute if Plaintiff does not inform the Court of the nature of his requests or why Defendants' responses are insufficient. Although Plaintiff contends that his requests are relevant, the Court has no way of evaluating his claim because Plaintiff has not provided a copy of his requests. Accordingly, Plaintiff's motion will be denied.

**II.     Conclusion and Order**

Based on the foregoing, it is HEREBY ORDERED that:

1.     Plaintiff's motion "for an order of suppressed evidence" is DENIED; and

2.     Plaintiff's motion to compel is DENIED.

IT IS SO ORDERED.

**Dated:     February 4, 2011**                    /s/ Sheila K. Oberto
                                       UNITED STATES MAGISTRATE JUDGE