# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTOS A. VILLEGAS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>L.LO. SCHULTEIS, ET AL,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:09-CV-0493-AWI-SKO PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION AND DENYING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUCTIONS<br><br>(Documents #53, #66) |

Plaintiff Santos A. Villegas ("Plaintiff") is a California state prisoner. Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's first amended complaint against Defendant Martinez. Plaintiff his filed two motions for preliminary injunctions requesting that the court prohibit "officers" at California Correctional Institution from harassing Plaintiff as a result of this litigation. The motions were referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 7, 2011, the Magistrate Judge filed Findings and Recommendations that recommended the motions be denied. The Findings and Recommendations were served on Plaintiff and contained notice to Plaintiff that any objections to the Findings and Recommendations ware to be filed within thirty days. On February 18, 2011, Plaintiff filed objections.

In accordance with the provisions of 28 U.S.C. § 636(b)(1), this court has conducted a de

1

novo review of this case. Having carefully reviewed the entire file, the court finds the Findings and Recommendations to be supported by the record and by proper analysis. In addition to the analysis used by the Magistrate Judge, the court notes that this action concerns excessive force; but Plaintiff's motions for an injunction request the court order other prison officials stop harassing Plaintiff. A preliminary injunction may be granted only when the "intermediate relief [is] of the same character as that which may be granted finally." De Beers Consol. Mines v. U.S., 325 U.S. 212, 220 (1945); see also Johnson v. Couturier, 572 F.3d 1067, 1084 (9th Cir.2009) (noting that injunction was inappropriate in DeBeers because the court lacked jurisdiction). A preliminary injunction may not be granted if it deals with matters wholly outside the issues in the complaint. De Beers, 325 U.S. at 220; In re Estate of Ferdinand Marcos, Human Rights Litigation, 25 F.3d 1467, 1478 (9th Cir. 1994). To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint. Little v. Jones, 607 F.3d 1245, 1251 (10th Cir. 2010); Omega World Travel. Inc. v. Trans World Airlines, 111 F.3d 14, 16 (4th Cir.1997); Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam); Bassett v. Callison, 2011 WL 666857, at *1 (E.D.Cal. 2011); Muhammad v. Director of Corrections, 2010 WL 56146, at *2 (E.D.Cal. 2010); Guillen v. Thompson, 2009 WL 2513501, at *6 (D.Ariz. 2009); Wilson v. Baker, 2008 WL 2825275, *1 (E.D.Cal. 2008); Lebron v. Armstrong, 289 F. Supp. 2d 56, 61 (D. Conn. 2003). "A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit." Kaimowitz v. Orlando, Fla., 122 F.3d 41, 43 (11th Cir. 1997) (citing De Beers, 325 U.S. at 220); Rainey v. Garcia, 2010 WL 3825516, at *1 (E.D.Cal. 2010); Singleton v. Hedgepath, 2009 WL 1458458, at *1 (E.D.Cal. 2009). In other words, a plaintiff must seek injunctive relief related to the merits of his underlying claim. Chan v. County of Sacramento, 2010 WL 3397357, at * (E.D.Cal. 2010). Thus, the court has no choice but to deny the injctions.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed February 7, 2011 are adopted in full; and

2. Plaintiff's motions for preliminary injunctive relief are DENIED.

IT IS SO ORDERED.

Dated: March 14, 2011

_____
CHIEF UNITED STATES DISTRICT JUDGE