# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTOS A. VILLEGAS, | 1:09-cv-00493-AWI-SMS PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO AMEND SCHEDULING ORDER; MOTION TO ORDER PRISON TO ALLOW HIM TO CONTACT INCARCERATED WITNESSES; AND MOTION TO ORDER DEFENDANTS TO SUBPOENA WITNESSES |
| v. | |
| L. L. SCHULTEIS, et. al., | |
| Defendants. | (Doc. 76) |

Santos A. Villegas ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action is proceeding on the first amended complaint filed on August 24, 2009, against Defendants Rodriguez, Zucker, Soto, Martinez, Knight, Schulteiss, and Carrasco. Pursuant to the second scheduling order issued April 6, 2011, motions for the attendance of incarcerated witnesses are due May 27, 2011. On May 18, 2011, Plaintiff filed a motion to amend the scheduling order to allow him an additional thirty days to submit his motions for the attendance of incarcerated witnesses because he has not contacted them to see if they are willing to attend. Additionally, Plaintiff seeks an order requiring the institution to locate and subpoena two employees he wants to call as witnesses because he does not have the funds to pay the witness fees.

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b),

1  and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975
2  F.2d 604, 609 (9th Cir. 1992).  If the party seeking to amend the scheduling order fails to show due
3  diligence the inquiry should end and the court should not grant the motion to modify.  Zivkovic v.
4  Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).  Discovery in this action
5  opened on April 23, 2010, and Plaintiff had over a year to contact his witnesses.  Additionally, the
6  scheduling order notifying Plaintiff of the deadline to file motions for the attendance of incarcerated
7  witnesses was issued on April 6, 2011.  Plaintiff has failed to show diligence in attempting to comply
8  with the order and to allow a modification of the scheduling order without good cause would render
9  scheduling orders essentially meaningless, and directly interfere with courts' attempts to manage
10 their dockets and with the standard course of litigation in actions such as this.  Johnson, 975 F.2d
11 at 610 ("A scheduling order is not a frivolous piece of paper, idly entered . . . ." (internal quotations
12 and citation omitted)).  Therefore Plaintiff's request for a thirty day extension of time shall be
13 denied.

14      Plaintiff requests an order allowing him to communicate with incarcerated witnesses.
15 Inmates may only correspond with one another if they obtain written authorization from the
16 appropriate prison officials.  Cal. Code Regs., tit. 15 § 3139 (2010).  Further, the Court does not have
17 jurisdiction in this action over anyone other than Plaintiff and Defendants, and cannot order that
18 Plaintiff be allowed to correspond with his witnesses.  E.g., City of Los Angeles v. Lyons, 461 U.S.
19 95, 102, 103 S. Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation
20 of Church and State, Inc., 454 U.S. 464, 471, 102 S. Ct. 752, 757-58 (1982); Jones v. City of Los
21 Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006).

22      Plaintiff's motion for court assistance must be denied because he has not provided evidence
23 that he completed the process to obtain written authorization from the appropriate prison officials.
24 Cal. Code Regs., tit. 15 § 3139 (2010).  Because the Court does not have jurisdiction in this action
25 over anyone other than Plaintiff and Defendants, the Court can only make a request to prison
26 officials and cannot order them to allow Plaintiff to correspond with his witnesses.  E.g., City of Los
27 Angeles, 461 U.S. at 102; Valley Forge Christian Coll., 454 U.S. at 471; Jones, 444 F.3d at 1126.
28 Such a request shall not be made by the Court without assurances that Plaintiff has followed

1 procedures and used the available resources at the prison to obtain written authorization after
2 consideration by prison officials of safety, security, and procedural priorities.  The Court recognizes
3 that prison administrators "should be accorded wide-ranging deference in the adoption and execution
4 of policies and practices that in their judgment are needed to preserve internal order and discipline
5 and to maintain institutional security."  Whitley v. Albers, 475 U.S. 312, 321-322 (1986) (*quoting*
6 Bell v. Wolfish, 441 U.S. 520, 547 (1970).  Therefore Plaintiff's motion for an order allowing him
7 to contact inmate witnesses shall be denied.

8       Although the motion for communication between inmates will be denied, the Court will
9 attempt to facilitate limited written communication between Plaintiff and his witnesses.  Plaintiff
10 has provided the names and inmate numbers of the incarcerated witnesses.  Plaintiff states that
11 four of the witnesses are incarcerated at the same facility where he is housed.  The Court will
12 attempt to locate the inmates and contact the institution to request that communication be
13 allowed for the limited purpose of allowing Plaintiff to inquire if they are willing to voluntarily
14 testify at trial.

15       Additionally, Plaintiff's request that the Court order Defendants to subpoena two
16 employees that he wishes to call as witnesses so he does not have to pay the witnesses fees shall
17 be denied.  As Plaintiff was notified via the second scheduling order, "[b]ecause no statute
18 authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees
19 and travel expenses is required even if the party was granted leave to proceed in forma pauperis."
20 (Doc.72, 12-14.) The in forma pauperis status does not provide for the payment of witness fees or
21 travel expenses. 28 U.S.C. § 1915; Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993); Tedder v.
22 Odel, 890 F.2d 210, 211-12 (9th Cir. 1989).  Nor is it Defendants responsibility to locate and
23 subpoena Plaintiff's witnesses.  Plaintiff must comply with the second scheduling order and is
24 responsible for locating his witnesses and submitting the witness fee by the court ordered
25 deadline.
26 ///
27 ///
28 ///

1       Accordingly, it is HEREBY ORDERED that Plaintiff's motion to amend the scheduling order, motion to order prison to allow him to contact inmate witnesses, and motion to order Defendants to subpoena witnesses, filed May 18, 2011, is DENIED.

      IT IS SO ORDERED.

**Dated:**   **May 19, 2011**                 /s/ **Sandra M. Snyder**
                                          UNITED STATES MAGISTRATE JUDGE