# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTOS A. VILLEGAS, | 1:09-cv-00493-AWI-SMS PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTIONS FOR INJUNCTIVE RELIEF OR A TEMPORARY RESTRAINING ORDER AND APPOINTMENT OF COUNSEL |
| v. | |
| L. L. SCHULTEIS, et. al., | (ECF No. 69) |
| Defendants. | |

Santos A. Villegas ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action is proceeding on the first amended complaint filed on August 24, 2009, against Defendants Rodriguez, Zucker, Soto, Martinez, Knight, Schulteiss, and Carrasco. On February 7, 2011, the Magistrate Judge issued findings and recommendations recommending that Plaintiff's motions for injunctive relief be denied. Plaintiff filed objections to the findings and recommendations on February 18, 2011, which included a renewed motion for injunctive relief or a temporary restraining order and a motion for appointment of counsel.

In his objections, Plaintiff states that he is in fear for his life because officers are attempting to provoke him. He states that if a correctional officer alleges Plaintiff has assaulted the officer,

Plaintiff will be facing new charges.  (Objections p. 2, ECF No. 69.)  Plaintiff alleges that on February 11, 2011, several days after Defendant Martinez and Plaintiff had a confrontation over this lawsuit, an officer was escorting him back from legal and slammed Plaintiff down to the floor. When Plaintiff asked why, the officer told Plaintiff he should not be trying to pull away from him. (Id., p. 1.)  On the same date Plaintiff alleges that an officer in the mailroom "deliberately and maliciously destroyed his artwork, by stamping it with red ink."  (Id., p. 2.)

The Prison Litigation Reform Act places limitations on injunctive relief.  Section 3626(a)(1)(A) provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."  18 U.S.C. § 3626(a)(1)(A).

Initially, as stated in the findings and recommendations, Plaintiff may not obtain a preliminary injunction based on a conjectural or hypothetical threat of future harm.  (Findings and Recommendations 2:15-16, ECF No. 67.)  The pendency of this action does not give the court jurisdiction over prison officials in general or over Plaintiff's property issues.  Summers v. Earth Island Institute, 129 S. Ct. 1142, 1148-49 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010).  The incidents alleged in the objections to findings and recommendations are not related to the pending action and do not involve these defendants.  The court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding.  Summers, 129 S. Ct. at 1148-49; Mayfield, 599 F.3d at 969.  Therefore Plaintiff's requests for preliminary injunctive relief or a temporary restraining order must be denied.

Plaintiff has requested the appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997).

1  Without a reasonable method of securing and compensating counsel, this court will seek volunteer
2  counsel only in the most serious and exceptional cases.
3      In the present case, the court does not find the required exceptional circumstances. See Rand,
4  113 F.3d at 1525.  Even if it is assumed that Plaintiff is not well versed in the law and that he has
5  made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.
6  This court is faced with similar cases almost daily.  Therefore, Plaintiff's request for the appointment
7  of counsel shall be denied.
8      Accordingly, IT IS HEREBY ORDERED that:
9      1.   Plaintiff's motion for injunctive relief filed February 18, 2011, is DENIED; and
10     2.   Plaintiff's motion for appointment of counsel filed April 18, 2011, is DENIED.

12  IT IS SO ORDERED.

13  Dated:   June 20, 2011                                    _____
14                                                             CHIEF UNITED STATES DISTRICT JUDGE