# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTOS A. VILLEGAS, | 1:09-cv-00493-AWI-SMS PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S MOTIONS FOR A PRELIMINARY INJUNCTION |
| v. | |
| L. L. SCHULTEIS, et. al., | (ECF Nos. 74, 79) |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY DAYS |

Santos A. Villegas ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action is proceeding on the first amended complaint filed on August 24, 2009, against Defendants Rodriguez, Zucker, Soto, Martinez, and Knight for excessive force in violation of the Eighth Amendment and violation of the Equal Protection Clause of the Fourteenth Amendment; and Defendants Schulteis and Carrasco for failure to protect in violation of the Eighth Amendment. On April 18, 211, Plaintiff filed a declaration requesting that a preliminary injunction be issued to prevent correctional officers from harassing him or his potential witnesses in the upcoming trial. (ECF No. 74.) On May 31, 2011, Plaintiff filed a motion for a preliminary injunction. (ECF No. 79.) This matter is currently set for jury trial on September 7, 2011.

Plaintiff requests a preliminary injunction requiring prison officials to transfer him out of the California Correctional Institution. Plaintiff alleges that he is being retaliated against and is in fear of his life. "A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Valley Forge Christian Coll., 454 U.S. at 471; also Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998). The Prison Litigation Reform Act also places limitations on injunctive relief. Section 3626(a)(1)(A) provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs."

As the Court has previously informed Plaintiff, the case or controversy requirement cannot be met in light of the fact that the issue Plaintiff seeks to remedy in his motion bears no relation to the claim that prison guards used excessive force on him. Lyons, 461 U.S. at 102; 18 U.S.C. § 3626(a)(1)(A); also Summers v. Earth Island Inst., 129 S. Ct. 1142, 1148-49 (2009); Steel Co., 523 U.S. at 102-04, 107; (see Order Denying Motions 4:23-5:2, ECF 54; Order Adopting Findings and Recommendations 1:26-2:4, ECF No. 65; Order Adopting Findings and Recommendations 2:2-3:25, ECF No. 70.) Because the case-or-controversy requirement cannot be met, the pendency of *this* action provides no basis upon which to award Plaintiff injunctive relief that he is seeking. Steel Co., 523 U.S. at 102-103. Additionally, since the relief requested by Plaintiff is not related to the

underlying claims that Defendants used excessive force on him, the relief sought would not remedy the violation of the Federal right at issue here. The Court cannot grant the requested relief and Plaintiff's motion for equitable relief should be denied.

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motions for a preliminary injunction, filed April 18, 2011 and May 31, 2011, be DENIED.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   June 24, 2011**                                  /s/ Sandra M. Snyder
                                                          UNITED STATES MAGISTRATE JUDGE