# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTOS A. VILLEGAS, | 1:09-cv-00493-AWI-SMS PC |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION (ECF Nos. 79, 81, 84) |
| v. | |
| L. L. SCHULTEIS, et. al., | ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL |
| Defendants. | |

Santos A. Villegas ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 31, 2011, Plaintiff filed a motion for a preliminary injunction. On June 24, 2011, the Magistrate Judge issued findings and recommendations recommending that Plaintiff's motion for a preliminary injunction be denied. On July 7, 2011, Plaintiff filed objections to the findings and recommendations and requested appointment of counsel.

As Plaintiff has been previously advised, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel

1  pursuant to 28 U.S.C. § 1915(e)(1).  Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997).
2  Without a reasonable method of securing and compensating counsel, this court will seek volunteer
3  counsel only in the most serious and exceptional cases.
4      In the present case, the court does not find the required exceptional circumstances.  See Rand,
5  113 F.3d at 1525.  Even if it is assumed that Plaintiff is not well versed in the law and that he has
6  made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.
7  This court is faced with similar cases almost daily.
8      Additionally, the record does not reflect that Plaintiff is unable to adequately articulate his
9  claims in this action.  The fact that Plaintiff has chosen to embark upon a plan of action that has
10 made it physically difficult for him to participate in this action does not create the required
11 exceptional circumstances for appointment of counsel.  Therefore, Plaintiff's request for the
12 appointment of counsel shall be denied.
13     In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a
14 de novo review of this case.  Having carefully reviewed the entire file, the Court finds the findings
15 and recommendations to be supported by the record and by proper analysis.
16     Accordingly, IT IS HEREBY ORDERED that:
17     1.   The findings and recommendations, filed June 24, 2011, is adopted in full;
18     2.   Plaintiff's motion for a preliminary injunction transferring him to another institution,
19          filed May 31, 2011, is DENIED;
20     3.   Plaintiff's motion for appointment of counsel is DENIED; and
21     4.   The matter is referred back to the Magistrate Judge for further proceedings.
22 IT IS SO ORDERED.
23
   Dated:   July 22, 2011
24                                         CHIEF UNITED STATES DISTRICT JUDGE