# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTOS A. VILLEGAS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>L. L. SCHULTEIS, et al.,<br><br>　　　　Defendants.<br>_____/ | 1:09-cv-0493-MJS (PC)<br><br>ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE<br><br>PLAINTIFF MUST SHOW CAUSE WITHIN FOURTEEN DAYS |

　　　Plaintiff Santos A. Villegas ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights actions pursuant to 42 U.S.C. § 1983.  The parties have consented to Magistrate Judge jurisdiction.  (ECF Nos. 9 & 95.)

　　　Plaintiff initiated this action on February 25, 2009.  (ECF No. 1.)  Trial in this matter was scheduled to commence on May 29, 2012.  (ECF No. 118.)  However, Plaintiff has been paroled and not updated his address on file with the Court.  (ECF No. 123.)  Plaintiff also failed to appear at notice Trial Confirmation Hearing on May 14, 2012.  (Id.)  Due to the Court's inability to contact Plaintiff, the trial date in this matter has been vacated.  (Id.)  Moreover, Plaintiff's failure to update his address constitutes a failure to prosecute which prevents the Court from resolving this action in a timely manner.

In determining whether to dismiss an action for lack of prosecution, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988). The Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The Court cannot hold this case in abeyance indefinitely based on Plaintiff's failure to notify the court of his address and prosecute this matter. The third factor, risk of prejudice to the defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, given the Court's inability to communicate with Plaintiff based on Plaintiff's failure to keep the Court apprised of his current address, no lesser sanction is feasible.

Accordingly, Plaintiff is ORDERED to show cause not later than fourteen days after the date of entry of this Order why his case should not be dismissed for failure to prosecute. **Failure to meet this deadline will result in dismissal of this action.**

IT IS SO ORDERED.

Dated:   May 15, 2012                             /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE